IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ALA MANAGEMENT, LLC,<br><br>    Plaintiff<br><br>v.<br><br>HALL COUNTY, GEORGIA, a political subdivision of the State of Georgia; HALL COUNTY BOARD OF COMMISSIONERS; RICHARD HIGGINS, KATHY COOPER, BILLY POWELL, SHELLY ECHOLS, JEFF STOWE, in their individual and official capacities as Hall County Commissioners and constituting the Hall County Board of Commissioners, HALL COUNTY PLANNING AND DEVELOPMENT, SRIKANTH YAMALA, in his individual and official capacity as Interim Director of Hall County Planning and Development<br><br>    Defendants. | Case No. __2:22-cv-00020-RWS__<br><br>**Demand for Jury Trial** |

## COMPLAINT

Plaintiff ALA Management, LLC ("Plaintiff") files this Complaint against Defendants Hall County, Georgia, Hall County Board of Commissioners, Richard Higgins, Kathy Cooper, Billy Powell, Shelly Echols, Jeff Stowe, in their individual

and official capacities, Hall County Planning and Development, and Srikanth Yamala, in his individual and official capacity, (collectively "Defendants") and respectfully shows the Court as follows:

## I.   INTRODUCTION

This action arises out of the Defendants' disregard for Plaintiff's substantive and procedural due process rights. Defendants diminished the value of Plaintiff's four-bedroom short-term rental property in its arbitrary passing and enforcement of an ordinance ultimately forcing Plaintiff to allocate thousands of dollars to repair the property's septic system. Plaintiff was forced to make this expenditure on his property without sufficient notice and hearing, and despite Defendants' recognition of the property as a four-bedroom property for taxation purposes for over twenty years. Defendants' violation of Plaintiff's constitutional property rights is clear, and Plaintiff is entitled to its damages arising therefrom.

## II.   PARTIES, JURISDICTION, AND VENUE

1.

ALA Management, LLC is the owner of certain property located 3595 Davis Bridge Drive, Gainesville, Hall County, Georgia in Hall County, Georgia.

2.

Hall County, Georgia is a political subdivision of the State of Georgia. Hall County, Georgia may be served with process on the Chairman of the Hall County Board of Commissioners, Richard Higgins.

3.

For jurisdictional purposes, Hall County is a citizen of the state of Georgia.

4.

Hall County Board of Commissioners is a public body elected by the residents of Hall County and is empowered to alter or amend the Short-Term Rental Ordinance (the "Ordinance") at issue in this case. The Board of Commissioners may be served with process by service upon its Chairman, Richard Higgins.

5.

For jurisdictional purposes, the Hall County Board of Commissioners is a citizen of the state of Georgia.

6.

Richard Higgins, Kathy Cooper, Billy Powell, Shelly Echols, and Jeff Stowe ("the Commissioners") are Hall County Commissioners constituting the Hall County Board of Commissioners. The Commissioners may be served with process at their places of residence.

7.

For jurisdictional purposes, the Commissioners are citizens of the state of Georgia.

8.

Hall County Planning and Development is a public entity empowered to enforce the Ordinance. Hall County Planning and Development may be served with process by service upon its Interim Director, Srikanth Yamala.

9.

For jurisdictional purposes, Hall County Planning and Development is a citizen of the state of Georgia.

10.

Srikanth Yamala is the Interim Director of Hall County Planning and Development. Mr. Yamala may be served with process at his place of residence.

11.

Mr. Yamala is subject to the jurisdiction of this Court.

12.

This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

13.

Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because, on information and belief, Defendants each reside in this District.

### III.   FACTUAL BACKGROUND

**A.   The Property and its Classification**

Plaintiff is the owner of the real property located at 3595 Davis Bridge Drive, Gainesville, Hall County, Georgia (the "Property").

14.

According to Hall County Tax Assessor Records the Property is a four-bedroom, single-family residence. (See Tax Assessor Records, **Exhibit A**.)

15.

Hall County Zoning ordinance defines single-family residence as "a detached residence other than a mobile home, modular home or travel trailer designed for or occupied by one family." ***Hall County Ordinance 17.20.900***.

16.

Hall County Zoning ordinance defines family as "one or more persons permanently occupying a single dwelling unit, provided that unless all members are related by blood or marriage no such family shall contain over five persons, but

further provided that domestic servants employed on the premises may be housed on the premises or in an accessory building." ***Hall County Ordinance 17.20.420.***

17.

Plaintiff pays and has paid taxes on the Property consistent with that of a four-bedroom, single-family residence.

**B.   The Property and its History**

18.

Plaintiff and its prior owners have utilized the Property as a four-bedroom single-family residence for nearly twenty years.

19.

Plaintiff and its prior owners were unaware of any septic system issue at the Property.

20.

Over the course of nearly twenty years, Hall County never came to the Property to inspect the septic system, nor did Hall County inform Plaintiff that its septic system was unsuitable for a four-bedroom residence.

C. **The Ordinance**

21.

In 2018, a resolution was passed to amend the Hall County zoning regulations. As a result, Chapter 17.216 was added. It is titled "Short Term Rental" and it provides the standard for short term rentals of privately owned residential structures used as vacation homes and rented to transient occupants. ***Hall County Ordinance 17.216***.

22.

Hall County Board of Commissioners approved the Ordinance allowing homes in all zoning districts to serve as short-term rentals with the approval of a county business license.

23.

Prior the Ordinance, there was no inhabitation limit placed on capacity in a short-term rental other than Hall County Ordinance 17.20.420, which does not limit the amount of blood-related or marital family members in a single-family residence.

24.

Subsequently, the Ordinance was amended to state that occupancy shall be limited to two adults per bedroom plus three adults per each short-term rental property. The bedroom(s) shall be inspected by the county building

inspections prior to issuance of a certificate of occupancy (CO). ***Hall County Ordinance 17.216.070.***

D.  **Plaintiff's Actions and Hall County's Determination**

25.

Plaintiff received a letter that set forth the Ordinance requirements for a short-term rental in Hall County.

26.

Plaintiff applied for a Short-Term Vacation Rental Business License Application.

27.

Plaintiff also paid the required Hall County Short Term Rental Fee.

28.

After the required building inspection, the Environmental Health Department determined that the septic system at the Property was only rated for one bedroom and refused to approve the Property as a four- bedroom residence unless the septic system was fixed.

29.

Hall County Planning and Development ultimately agreed with the determination that the Property was to be classified as a one-bedroom short-term

rental property, despite the fact that Hall County (i) had never enforced any such prior restrictions on the Property despite it being used as a short term rental for twenty (20) years; (ii) had recognized the existence of the Property's four bedrooms and historically had taxed it in accordance with same; and (iii) the fact that Planning and Development initially issued a CO for a 4-bedroom rental property and confirmed to Plaintiff's principal that the Property did, in fact, show in the Hall County records as a 4-bedroom residence.

30.

Under this determination, Plaintiff could only have five people stay at the Property. However, based on the size of the Property, Plaintiff should have been allowed to have at least eleven people stay at the Property.

31.

Consequently, Plaintiff spent tens of thousands of dollars fixing the septic system at the Property for it to be classified as a four-bedroom short- term rental property when, for over twenty (20) years, Hall County had taxed the Property as a four (4) bedroom and allowed it to function as the same for both residential and short-term rental purposes.

## COUNT I
### Declaratory Judgment

32.

Paragraphs 1 through 31 are hereby incorporated by reference as if rewritten in their entirety.

33.

An actual controversy exists between Plaintiff and Defendants.

34.

Plaintiff is uncertain as to its future rights regarding the Property.

35.

The Court should declare the Ordinance null and void and without any force or effect because the passage and enactment of the Ordinance violated the constitutional property rights of Plaintiff, including constitutional rights to substantive and procedural due process, takings/inverse condemnation, and vested rights.

36.

The Ordinance is null and void for numerous reasons including:

- Defendants did not give Plaintiff adequate notice and opportunity for hearing on the Ordinance and its requirements;
- The Ordinance is arbitrary, capricious, and without rational basis;

- The Ordinance is unconstitutionally vague; and

- The Ordinance results in an unlawful taking without just compensation.

37.

Plaintiff is entitled to an Order from the Court that declares the respective rights of the parties.  Without such an order from the Court, Plaintiff will not know how to proceed.

38.

The Court should declare the respective rights of the parties.

## COUNT II
### Relief Under 42 U.S.C. § 1983 for Violation of Right to Substantive Due Process

39.

Paragraphs 1 through 31 are hereby incorporated by reference as if rewritten in their entirety.

40.

The Fourteenth Amendment to the United States Constitution guarantees the right to substantive due process.

41.

Plaintiff has protected property rights in the Property.

42.

42 U.S.C. § 1983 provides a cause of action for violation of the right to substantive due process under the Fourteenth Amendment to the United States Constitution.

43.

Defendants acted under the color of state law in depriving Plaintiff of its constitutionally guaranteed right to substantive due process under the Fourteenth Amendment to the United States Constitution.

44.

The Ordinance has created an unreasonable and extreme hardship on Plaintiff, without advancing the public health, safety, and welfare.

45.

The Ordinance is not narrowly tailored to serve a compelling state interest.

46.

The Ordinance is arbitrary, capricious, and without any rational basis. Defendants abused their discretion in approving and applying the Ordinance to the Property.

47.

The Ordinance has deprived Plaintiff of property rights without due process of law.

48.

The treatment of Plaintiff as alleged herein is a denial of substantive due process under the Fourteenth Amendment to the Constitution of the United States of America.

## COUNT III
### Relief Under 42 U.S.C. § 1983 for Violation of Right to Procedural Due Process

49.

Paragraphs 1 through 31 are hereby incorporated by reference as if rewritten in their entirety.

50.

The Fourteenth Amendment to the United States Constitution guarantees the right to procedural due process.

51.

Plaintiff has protected property rights in the Property.

52.

42 U.S.C. § 1983 provides a cause of action for violation of the right to procedural due process under the Fourteenth Amendment to the United States Constitution.

53.

Defendants acted under the color of state law in depriving Plaintiff of its constitutionally guaranteed right to procedural due process under the Fourteenth Amendment to the United States Constitution.

54.

Defendants' failure to give adequate notice to Plaintiff of the Ordinance deprived Plaintiff of protected property rights.

55.

Defendants approved and applied the Ordinance to the Property without giving Plaintiff notice or an opportunity to be heard.

56.

The Ordinance is fundamentally unfair and constitutionally inadequate.

57.

The treatment of Plaintiff as alleged herein is a denial of procedural due process under the Fourteenth Amendment to the Constitution of the United States of America.

## COUNT IV
### Relief Under 42 U.S.C. § 1983 for Violation of the Takings Clause

58.

Paragraphs 1 through 31 are hereby incorporated by reference as if rewritten in their entirety.

59.

Defendants may not take Plaintiff's Property without just compensation.

60.

The adoption of the Ordinance deprived Plaintiff of the economically viable and long-term historic use of its Property. The adoption of the Ordinance interferes with Plaintiff's legitimate investment-backed expectations.

61.

The adoption of the Ordinance amounts to a taking of Plaintiff's property without just compensation.

62.

Plaintiff is entitled to just compensation for the taking of its Property.

## COUNT V
### Damages and Attorneys' Fees

63.

Paragraphs 1 through 31 are incorporated herein by reference as if rewritten in their entirety.

64.

The approval and application of the Ordinance to the Property violated the aforementioned constitutional provisions, violated 42 U.S.C. § 1983 and has resulted in damages to Plaintiff and justifies that Plaintiff be awarded damages in an amount to be proved at trial.

65.

The malfeasance and wrongful conduct of Defendants evidences bad faith, vexatiousness, stubborn litigiousness, and was carried out with such conscious and reckless disregard of the rights of Plaintiff that such conduct entitles Plaintiff to recover reasonable costs and expenses including, but not limited to, attorneys' fees incurred in connection with this action.

## JURY DEMAND

66.

Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(a) award Plaintiff compensatory damages for the violations of its property rights;

(b) award Plaintiff its reasonable costs and attorneys' fees incurred in bringing this action;

(c) such other and further relief as this Court deems just, proper, and appropriate under the facts and evidence presented; and

(d) trial by jury on all claims so triable.

Respectfully submitted this 4th day of February 2022.

/s/  Stephen M. Parham
Stephen M. Parham
Georgia Bar No. 561279
Benjamin Dell'Orto
Georgia Bar No. 604806

BLOOM PARHAM, LLP
977 Ponce de Leon Avenue, NE
Atlanta, GA  30303
Tel:   (404) 577-7710
Fax:   (404) 577-7715
sparham@bloom-law.com
bdellorto@bloom-law.com

*Counsel for Plaintiff ALA Management, LLC*

## **Local Rule 7.1(D) Certification of Compliance**

I hereby certify that the foregoing pleading has been prepared with Times New Roman font, 14 point, one of the font and point selections approved by the Court in L.R. 5.1B, N.D. Ga.

This 4th day of February, 2022.

                                                         /s/  Stephen M. Parham
                                                        Stephen M. Parham
                                                        Georgia Bar No. 561279
                                                        Benjamin Dell'Orto
                                                        Georgia Bar No. 604806